HANSON BRIDGETT LLP
KATHERINE A. BOWLES, SBN 287426
kbowles@hansonbridgett.com
STELLA PADILLA, SBN 301590
spadilla@hansonbridgett.com
ROBERT G. DAVIS, SBN 304758
rdavis@hansonbridgett.com
ANGELA HAN, SBN 317137
ahan@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

Attorneys for Leprino Foods Company, Leprino Foods Health & Welfare Plan

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

LEPRINO FOODS COMPANY; LEPRINO FOODS HEALTH & WELFARE PLAN,

Plaintiffs,

v.

AVANI OUTPATIENT SURGICAL CENTER, INC., a California Corporation; MOUNTAIN VIEW SURGICAL CENTER, INC., a California Corporation; THE CENTER FOR SURGERY AT BEDFORD, LLC, a California limited liability company; AMY ZARAGOZA, an individual; BABAK MOEINOLMOLKI, an individual; BENHAM KASHANCHI, an individual; SAMUEL KASHANI, an individual; SHERVIN AMINPOUR, an individual; RALPH MAYER, an individual; MICHAEL YADEGARI, an individual; KARAPET DERMENDJIAN, an individual; SEPEHR LALEZARI, an individual; MARIO ROSENBERG, an individual; PEYMAN SOLIEMANZADEH, an individual; and DOES 1-30,

Defendants.

AND RELATED COUNTERCLAIMS.

Case No. 2:22-cv-07434 DSF (JC)

Assigned to Judge Dale S. Fischer. Courtroom 7D

**DECLARATION OF ANGELA HAN IN SUPPORT OF PLAINTIFFS LEPRINO FOODS COMPANY AND LEPRINO FOODS HEALTH & WELFARE PLAN'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT MOJGAN KASHANCHI, AS ADMINISTRATOR OF BEHNAM KASHANCHI'S ESTATE**

Judge: Hon. Jacqueline Choolijian
Date: April 23, 2024
Time: 9:30 a.m.
Crtrm.: 750

Action Filed: October 12, 2022
Trial Date: February 11, 2025

**DECLARATION OF ANGELA HAN**

I, Angela Han, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with Hanson Bridgett LLP, attorneys of record for Plaintiffs Leprino Foods Company and Leprino Foods Health & Welfare Plan ("Leprino"). I submit this declaration in support of Leprino's Motion to Compel further written responses to the Interrogatories seeking asset-related discovery from Defendant Mojgan Kashanchi, in her capacity as Administrator of Benham Kashanchi's Estate (the "Estate"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On November 2, 2023, Leprino propounded Requests for Production of Documents, Set One ("Requests") on Mojgan Kashanchi in her individual and representative capacities as Administrator Of Behnam Kashanchi's Estate (the "Estate"), as Trustee of the Behnam Kashanchi & Mojgan Kashanchi Revocable Living Trust, and as Trustee of the Kashanchi B & M Living Trust (collectively, the "Kashanchi Defendants"). A true and correct copy of the Requests is attached as **Exhibit A.**

3. On December 4, 2023, the Kashanchi Defendants, including the Estate, served a set of "General Objections" and additional boilerplate objections based on privilege and confidential financial information, which were followed by statements of a future promise for each Request that Defendants "*will* perform a reasonable search and produce relevant, non-privileged documents responsive to this request, *if* any such documents can be found in Defendants' possession, custody, or control." (emphasis added). In so doing, Defendants failed to timely respond. Defendants were required to actually conduct a search of the responsive information and documents, and provide the results of that search in connection with each Request

by the December 4, 2023 deadline. A true and correct copy of the Estate's responses to the Requests is attached as **Exhibit B.** After three meet and confer letters, and a video call, Kashanchi Defendants made a limited production containing only medical and patient-related records on February 16, 2024 Bates labeled KASHANCHI 00001-00150.

4. On November 3, 2023, Leprino propounded Interrogatories, Set One, on the Estate. A true and correct copy of the Interrogatories is attached as **Exhibit C.**

5. On December 4, 2023, the Kashanchi Defendants served only boilerplate objections in response to the interrogatories without providing a single substantive answer. Instead, Defendants assert only General Objections and additional boilerplate objections based on privilege without any privilege log, and vagueness as to the term "YOU" – even though that term is specifically defined in the instructions – and other commonly understood terms in violation of Fed. R. Civ P. 33(b)(4) (requiring that the grounds for objections to Interrogatories be stated with specificity). A true and correct copy of the Estate's responses to the Interrogatories is attached as **Exhibit D.**

6. Leprino sent its first meet and confer letter on January 10, 2024 addressing the deficiencies in the Kashanchi Defendants' written responses and still missing document production. A true and correct copy of the January 10, 2024 letter is attached as **Exhibit E**.

7. Kashanchi Defendants sent a response letter on January 23, 2024 stating, in relevant part to the subject dispute, that the asset-related information sought in the Interrogatories are irrelevant to Leprino's claims and contain confidential financial information. Defendants further represented that the document search was underway but did not provide any anticipated timeframe of completion. A true and correct copy of the January 23, 2024 response letter is attached as **Exhibit F.**

8. In this matter, Leprino has sought from all Defendants their banking and financial relating to the patients they treated from Leprino's Plan, including payments patients may have made to them, payments they made to each other, and payments they received from United on behalf of Leprino's Plan. Given the overlapping nature of this financial information and asset-related information of the Kashanchi Estate, Leprino includes all financial discovery in the subject joint stipulation out of an abundance of caution.

9. Kashanchi Defendants, including the Estate, signed the Stipulated Protective Order on November 15, 2023 —the purpose of which is to protect the confidentiality and privacy of sensitive documents during the litigation [Dkt. 103]. A true and correct copy of the executed acknowledgment and agreement to be bound is attached as **Exhibit G**. Kashanchi Defendants agreed to abide by the E-Discovery Specification Order by e-mail on November 17, 2023 [Dkt. 123-124].

10. Leprino sent a final meet and confer letter regarding the Kashanchi Defendants' interrogatory responses on February 5, 2024, which provided further authority supporting Leprino's position that the Kashanchi Defendants' boilerplate objections are meritless, requested substantive responses by February 15, 2024, and requested a prefiling conference within 10 days pursuant to Central District Local Rule 37-1. A true and correct copy of the February 5, 2024 letter is attached as **Exhibit H**.

11. On February 13, 2024, Leprino held a video meet and confer call with Kashanchi Defendants. During the call, the parties discussed and agreed that information relating to the underlying fraud claims at issue are relevant and discoverable, and that this was a different category of information than the asset-related information concerning the Kashanchi Estate and trusts, which defendants objected to on the basis of being irrelevant and premature. Thus, Kashanchi Defendants agreed to produce only documents relating to the former category, that is, all medical / billing records, in addition to emails and texts that relate to the

financial information relevant to the factual allegations in the Complaint, such as bank / credit card statements, checks, wire payments, cash transactions. Leprino also attempted to help the Kashanchi Estate construe the Interrogatories through the meet and confer process, and any ambiguity has been resolved. Defendants' counsel represented that they will not produce any asset-related information, amend the interrogatories, or answer any such questions at deposition. Leprino advised Defendants that a Joint Stipulation on this issue would likely be needed.

12. On February 16, 2024, Leprino sent a third meet and confer letter to address the outstanding dispute regarding the timeliness and relevance of asset-related discovery. In the letter, Leprino explained its position that Leprino is entitled to conduct asset-related discovery into the Estate pursuant to the court's February 14, 2024 order on the Kashanchi Defendants' motion to dismiss and the applicable Probate Code provisions. A true and correct copy of the February 16, 2024 letter is attached as **Exhibit I**. Without waiving Leprino's right to pursue all financial discovery from the Estate, Trusts, and Joint Tenancies, as part of the meet and confer process, Leprino offered to limit its discovery – at this time – to the bank accounts and assets specifically controlled by the Kashanchi Estate. Thereafter, in a March 1, 2024 email, Kashanchi Defendants' counsel restated their position that the assets of the Estate are relevant at this time, and disputed Leprino's right to conduct asset-related discovery into the Estate's assets until a judgment has been obtained. A true and correct copy of the March 1, 2024 email is attached as **Exhibit J**. As the party resisting discovery, the Kashanchi Estate has not satisfied its burden with any citation to a case or statute. Therefore, Leprino determined that the parties were at an impasse and informed the Kashanchi Estate's counsel that Leprino would be preparing a Joint Stipulation to request a Court order compelling this financial discovery from the Kashanchi Estate. This joint stipulation followed.

13. On March 15, 2024, after Leprino already sent the joint stipulation, the Kashanchi Estate produced an additional 20 pages which contained only six checks

and is insufficient. These additional pages do not resolve the Kashanchi Estate's outstanding financial discovery obligation.

14. The Kashanchi Estate's actions have caused unwarranted delay, which is not excusable and warrants monetary sanctions. Leprino seeks monetary sanctions for my fees and costs incurred in connection with the Motion, including specifically:

- 6.2 hours meeting and conferring.
- 9.3 hours reviewing and revising the Motion.

For a total of $7,905.00 amount (my hourly rate is $510).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of March, 2024, at San Francisco, California.

Angela Han

**PROOF OF SERVICE**

**Leprino Foods Company, et al., v. Avani Outpatient Surgical Center, et al.**
**U.S.D.C. Central District of CA, Case No. 2:22-cv-07434 DSF (JC)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, Suite 4200, Los Angeles, CA 90017.

On March 19, 2024, I served true copies of the following document(s) described as **DECLARATION OF ANGELA HAN IN SUPPORT OF PLAINTIFFS LEPRINO FOODS COMPANY AND LEPRINO FOODS HEALTH & WELFARE PLAN'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT MOJGAN KASHANCHI, AS ADMINISTRATOR OF BEHNAM KASHANCHI'S ESTATE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 19, 2024, at Los Angeles, California.

/S/ Silvia Abrignani
Silvia Abrignani

**SERVICE LIST**
**Leprino Foods Company, et al., v. Avani Outpatient Surgical Center, et al.**
**U.S.D.C. Central District of CA, Case No. 2:22-cv-07434 DSF (JC)**

| | |
|---|---|
| Nicholas D. Jurkowitz<br>Elaine Sun<br>Fenton Law Group LLP<br>1990 S. Bundy Drive, Suite 777<br>Los Angeles, CA 90025<br>PH: 310-444-5244<br>FX: 310-444-5280<br>Emails:<br>njurkowitz@fentonlawgroup.com<br>esun@fentonlawgroup.com<br>nnatelsky@fentonlawgroup.com | Attorneys for Defendants<br>Avani Outpatient Surgical Center, Inc., and Mountain View Surgical Center, Inc. |
| Jerry Sparks, Esq.<br>Sparks Law Form, APC<br>650 Town Center Drive, Suite 1200<br>Costa Mesa, CA 92626<br>PH: 714-546-4300<br>FX: 714-546-5430<br>Email: irs@sparksfirm.com | Attorney for Defendant<br>Ralph Mayer |
| Nigel Burns, Esq.<br>Nick Stahl, Esq.<br>The Law Offices of Nigel Burns<br>800 West 1st St., Suite 401-12<br>Los Angeles, CA 90012<br>PH: 213-687-8080<br>FX: 213-687-8383<br>Emails:<br>nburns@burnsattorneys.com<br>nstahl@burnsattorneys.com<br>dturner@burnsattorneys.com | Attorney for Defendant<br>Amy Zaragoza |
| Bruce A. Berman<br>The Berman Law Firm, APC<br>1875 Century Park East, Ste. 2230<br>Los Angeles, CA 90067<br>PH: 213-683-1908<br>Email: Bruce@bermanlawapc.com | Attorney for Defendant<br>The Center for Surgery at Bedford, LLC |

[Note: Updated April 2023]

Michael M. Amir
Mary Tesh Glarum
Doll Amir & Eley LLP
725 S. Figueroa Street, Suite 3275
Los Angeles, CA 90017
PH: 213.542.3380
FX: 213.542.3381
Emails:
mamir@dollamir.com
mglarum@dollamir.com
cramirez@dollamir.com

Attorneys for Defendant Sepehr Lalezari

Steven M. Goldsobel
Samantha Carranza
Law Offices of Steven Goldsobel
1901 Avenue of the Stars, Ste 1750
Los Angeles, CA 90067
PH: 310-552-4848
Emails:
steve@sgoldsobel.com
samantha@sgoldsobel.com

Attorney for Defendant Shervin Aminpour

Ryan G. Jacobson
Edward A. Stumpp
Helton Law Group APC
1590 Corporate Drive
Costa Mesa, CA 92626
T: 562-901-4499
F: 562-901-4488
Emails:
estumpp@helton.law
rjacobson@helton.law
tkossick@helton.law
ckoop@helton.law

Attorney for Defendant Michael Yadegari

Benjamin N. Gluck
Elliot C. Harvey Schatmeier
Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
PH: (310) 201-2100
FX: (310) 201-2110
Emails:
bgluck@birdmarella.com
ehs@birdmarella.com
dthrockmorton@birdmarella.com
tdicks@birdmarella.com

Attorney for Defendant Dr. Samuel Kashani; Daniel Shouhed, M.D.

Gary L. Tysch
Law Offices of Gary L. Tysch
16133 Ventura Blvd., Ste. 580
Encino, CA 91436
PH: 818-995-9555
Fax: 818-995-9550
gltysch@pacbell.net
mjorland@pacbell.net

Attorney for Defendant Babak Moeinolmolki

Scott J. Stitt
Anna-Sophie Tirre
Tucker Ellis LLP
515 South Flower St., 42nd Fl.
Los Angeles, CA 90071-2223
Direct: 213-430-3304 (LA)
Cell: 614-738-0865
scott.stitt@tuckerellis.com
anna-sophie.tirre@tuckerellis.com
sofia.escalante@tuckerellis.com

Attorneys for Mojgan Kashanchi as Administrator of Behnam Kashanchi's Estate, Trustee of The Behnam Kashanchi & Mojgan Kashanchi Revocable Living Trust, and Trustee of the Kashanchi B & M Living Trust