UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|

| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. |
|---|---|

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None | None |

**Proceedings:**     (IN CHAMBERS)

**ORDER SUBMITTING, VACATING HEARING ON, AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT MOJGAN KASHANCHI, AS ADMINISTRATOR OF BEHNAM KASHANCHI ESTATE (DOCKET NO. 384)**

I.     SUMMARY

On March 20, 2024, Plaintiffs Leprino Foods Company and Leprino Foods Health & Welfare Plan (collectively, "Leprino" or "Plaintiffs") filed a Motion to Compel Discovery from Defendant Mojgan Kashanchi, as Administrator of Behnam Kashanchi's Estate ("Plaintiffs' Motion"), which has been noticed for hearing on April 23, 2024. (Docket No. 384).[1] Plaintiffs' Motions seek to compel Defendant Mojgan Kashanchi, as Administrator of Behnam Kashanchi's Estate (alternatively, "Defendant" or "Kashanchi Estate") to provide further responses to Interrogatory Nos. 1-17 in Plaintiffs' First Set of Interrogatories ("Interrogatories"), further responses and documents responsive to Request for Production Nos. 11, 28 and 30 in Plaintiffs' Requests for Production ("Document Requests" or

---

[1] In connection with Plaintiffs' Motion, the parties have submitted, the Notice of Motion ("Notice"), a Declaration of Robert G. Davis ("Davis Decl."), a Declaration of Angela Han ("Han Decl.") with exhibits ("Han Ex."), a Joint Stipulation (alternatively, "JS"), a Declaration of Scott J. Stitt ("Stitt Decl."), Defendant's Supplemental Memorandum (alternatively, "D. Supp. Memo"), another Declaration of Scott J. Stitt ("Stitt Supp. Decl.") with an exhibit ("Stitt Supp. Ex."), Plaintiffs' Response to Defendant's Supplemental Memorandum ("Plaintiffs' Reponse"), a Declaration of Katherine A. Bowles ("Bowle Decl."), and a Declaration of Daniel C. Stein ("Stein Decl.") with an exhibit ("Stein Ex. A"). (Docket No. 384, 385, 396, 414). Throughout this Order, the Court cites to pagination reflected in the Court's Case Management/Electronic Case Files (CM/ECF) system instead of internal pagination in a particular document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

"RFP"), a privilege/redaction log, and a destruction/unavailable log as requested. (Notice at 2).[2] Plaintiffs also seek an order compelling the Kashanchi Estate and such Defendant's counsel, jointly and severally, to pay the fees/costs incurred by Plaintiffs in connection with the filing of Plaintiffs' Motion (assertedly $15,780). (Notice at 2-3; JS at 8). Defendant opposes Plaintiffs' Motion, essentially arguing that Defendant has already produced some of the subject discovery, that the remainder of the discovery sought exceeds the scope of permissible discovery at this pre-judgment juncture or is otherwise objectionable, that Plaintiffs have to some degree failed to fulfill their meet and confer obligations, and that the imposition of sanctions would be inappropriate. (JS at 9-10, 17-26).

Based upon the parties' submissions in connection with Plaintiffs' Motions and the pertinent facts and law, and as detailed below, the Court grants in part and denies in part Plaintiffs' Motion. To the extent the Court orders Defendant to produce further responses/documents, Defendant is directed to do so within fourteen (14) days of the date of this Order.

**II.    PERTINENT BACKGROUND**

On November 2, 2023, Plaintiffs served the Document Requests which were directed to all of the Kashanchi Defendants. (Han Decl. ¶ 2; Han Ex. A).

On November 3, 2023, Plaintiffs served the Interrogatories which were directed to all of the Kashanchi Defendants. (Han Decl. ¶ 4; Han Ex. C).

---

[2]Plaintiffs originally sued Dr. Behnam Kashanchi – a surgeon they believed to be a participant in the alleged fraud scheme – but he died after the original Complaint was filed. (Docket No. 202-2 at 3, ¶ 4). Plaintiffs thereafter substituted his widow, Mojgan Kashanchi (alternatively, "Mrs. Kashanchi") as a Defendant and sued her in her individual capacity and as Administrator of the Kashanchi Estate and as Trustee of their two living trusts ("Kashanchi Trusts") (collectively "Kashanchi Defendants"). (Docket Nos. 202, 213, 251). The Third Amended Complaint asserts five claims against the Kashanchi Defendants: (1) fraud; (2) restitution under ERISA; (3) violations of the California Business & Professions Code sections 17200, et seq. ("UCL"); (4) intentional interference with contractual relations; and (5) violations of the California Probate Code, section 19001 and seeks, among other relief, punitive damages. (Docket Nos. 202, 213, 251). (Docket No. 251). On February 14, 2024, the District Judge dismissed this action as against all of the Kashanchi Defendants except Mrs. Kasanchi as Administrator of the Kashanchi Estate/the Kashanchi Estate. (Docket No. 355). The dismissal of the California Probate Code claim was without prejudice to Plaintiffs' pursuit of a timely claim in accordance with California law – which requires, among other things, that a plaintiff have a money judgment against the decedent. (Docket No. 255). The District Judge expressly noted that any claim Plaintiffs may have against the Kashanchi Trusts/Mrs. Kashanchi as Trustee, may be established only after Plaintiffs receive a money judgment against the Kashanchi Estate and establish that the Kashanchi Estate is inadequate to satisfy the judgment. (Docket No. 355 at 5 n.3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

    Also on November 3, 2023, the Kashanchi Defendants, through their counsel, agreed to be bound by the Stipulated Protective Order that had been signed by other Defendants' counsel and issued by the previously assigned Magistrate Judge on February 1, 2023.  (Han Decl. ¶ 9; Han Ex. G; Docket Nos. 102, 103).

    On November 17, 2023, the Kashanchi Defendants, through their counsel, assertedly agreed via email to be bound by the Stipulated E-Discovery Specification, Pursuant to Fed. R. Civ. P. 26(f) ("E-Discovery Order") that had been signed by other Defendants' counsel and issued by the previously assigned Magistrate Judge on March 1, 2023.  (Han Decl. ¶ 9; Docket Nos. 123, 124).[3]

    On December 4, 2023, the Kashanchi Defendants served objections and responses to the Document Requests and objections only to the Interrogatories.  (Han Decl. ¶¶ 3, 5; Han Exs. B, D).

    On January 10, 2024, Plaintiffs' counsel sent an initial meet and confer letter to the Kashanchi Defendants' counsel addressing the asserted deficiencies in the Kashanchi Defendants' responses to the Document Requests and Interrogatories and the absence of a document production.  (Han Decl. ¶ 6; Han Ex. E).

    On January 23, 2024, counsel for the Kashanchi Defendants responded, asserted that the asset-related information sought in the Interrogatories was irrelevant to Plaintiffs' claims, not proportional to the needs of the case, and contained confidential financial information, and that the Interrogatories' repeated use of the term "YOU" – which was defined to encompass all four Kashanchi Defendants – rendered them vague, ambiguous, and overbroad.  (Han Decl. ¶ 7; Han Ex. F).  Such counsel indicated that a search for documents responsive to the Document Requests was underway, and that it was taking additional time due to Dr. Kashanchi's death, but that the Kashanchi Defendants would produce any responsive documents "as soon as they could[,]" without specifying a date.  (Han Decl. ¶ 7; Han Ex. F).[4]

    On February 5, 2024, Plaintiffs' counsel sent another meet and confer letter to counsel for the Kashanchi Defendants, essentially asserting that their objections to the Interrogatories and Document Requests were meritless, that the asset-related information sought by the Interrogatories was relevant and discoverable based on Plaintiffs' perfected Creditor Claim in the state probate action, the substitution of the Kashanchi Defendants for Dr. Kashanchi in the instant action, and the California Probate Code, that their document production was late and that Plaintiffs were entitled to know when responsive documents

---

    [3]Such email does not appear to be in the record.

    [4]On an unspecified date, Plaintiffs served a deposition notice upon Mrs. Kashanchi, assertedly seeking to depose her about the assets of the Kashanchi Estate and the Kashanchi Trusts.  (Stitt Decl. ¶ 7).  On January 23, 2024, the Kashanchi Defendants objected to such deposition on the basis that Plaintiffs assertedly are not entitled to asset-related discovery at this point.  (Stitt Decl. ¶ 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

would be produced, and were also entitled to a privilege log and a destruction/unavailable log. (Han Decl. ¶ 10; Han Ex. H).

On February 13, 2024, the parties met and conferred via video conference. (Han Decl. ¶ 11; Stitt Decl. ¶ 5). Counsel provide different accounts of what occurred during such call. (Compare Han Decl. ¶ 11[5] with Stitt Decl. Decl. ¶ 5[6]).

As noted above, see supra note 2, on February 14, 2024, the District Judge dismissed this action as against all of the Kashanchi Defendants except Mrs. Kashanchi in her capacity as a representative of

///
///

---

[5]Plaintiffs' counsel attests that the following occurred during such video conference: Counsel assertedly agreed that information relating to the underlying fraud claims at issue is relevant and discoverable, that this was a different category of information than the asset-related information concerning the Kashanchi Estate and trusts which the Kashanchi Defendants had objected to as irrelevant and premature. Counsel assertedly agreed that the Kashanchi Defendants would "produce only documents relating to the former category, that is all medical/billing records, in addition to emails and texts that relate to the financial information relevant to the factual allegations in the Complaint, such as bank/credit care statements, checks, wire payments, cash transactions." Plaintiffs' counsel also assertedly attempted to help counsel for the Kashanchi Defendants construe the Interrogatories, resolving any ambiguity. Counsel for the Kashanchi Defendants assertedly represented that they would not produce any asset-related information, amend their responses to the Interrogatories, or answer any such questions at deposition. (Han Decl. ¶ 11).

[6]Counsel for the Kashanchi Defendants attests that the following occurred during such video conference: The Kashanchi Defendants' counsel assertedly explained that asset-related discovery was done post-judgment, and that Plaintiffs needed a judgment against the Kashanchi Defendants before they could engage in such type of discovery. Plaintiffs' attorneys assertedly responded that they were not experts in probate law and would have to confer with a probate expert at the firm regarding the issue. Counsel for the Kashanchi Defendants agreed that financial records related to patients covered by Plaintiffs' Plan were discoverable, and explained the difficulties their client had encountered in searching for responsive documents (referencing the inability to complete a search prior to Dr. Kashanchi's death, searching Dr. Kashanchi's paper files, gaining access to/searching Dr. Kashanchi's email account, the inability to access an email account where older communications were located, and gaining access to/producing relevant bank accounts). Counsel for the Kashanchi Defendants assertedly told Plaintiffs' counsel that their first production would be forthcoming later that week on February 16, 2024, and a production of email communications was expected by March 8, 2024. (Stitt Decl. ¶ 5 (referencing information in Stitt Decl. ¶ 3)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

the Kashanchi Estate, effectively converting the aforementioned discovery disputes into ones between Plaintiffs and only the Kashanchi Estate/Mrs. Kashanchi as its Administrator.  (Docket No. 355).[7]

On February 16, 2024, the Kashanchi Estate produced medical and patient-related records (bates-stamped Kashanchi 1-150).  (Han Decl. ¶ 3; Stitt Decl. ¶ 6)

Also on February 16, 2024, Plaintiffs' counsel sent Defendant's counsel another meet and confer letter addressing the scope of Mrs. Kashanchi's deposition in her capacity as Administrator of the Kashanchi Estate and the disputed "asset-related discovery."  (Han Decl. ¶ 12; Han Ex. I; see supra note 4).  Plaintiffs' counsel asserted that Plaintiffs were entitled to discover asset-related information concerning the Kashanchi Estate, particularly in light of the comment in the District Judge's dismissal order that Plaintiffs need to establish that there were no assets in the Kashanchi Estate before proceeding against the Kashanchi Trusts and Mrs. Kashanchi individually, citing to the California Probate Code and its provision for the continuance of litigation against a decedent where, as here, Plaintiffs had assertedly satisfied specified conditions, triggering the application of the Federal Rules of Civil Procedure.  (Han Ex. I (citing Docket No. 355)).

In a March 1, 2024 email, counsel for the Kashanchi Estate advised Plaintiffs' counsel that he disputes Plaintiffs' right to conduct asset-related discovery into assets of the Kashanchi Estate prior to any judgment having been obtained, pointing to the comment in the District Judge's dismissal order that "[a]ny claim Leprino may have against the trusts, and Mrs. Kashanchi as the trustee, may be established only *after* Leprino receives a money judgment against Dr. Kashanchi's estate *and* establishes that the estate is inadequate to satisfy the judgment."  (Han Decl. ¶ 12; Han Ex. J (quoting Docket No. 355 at 5 n.3 (emphasis original)).

On an unspecified date, Plaintiffs' counsel sent Defendant's counsel Plaintiffs' portion of the Joint Stipulation.  (Han Decl. ¶¶ 12, 13).

On March 15, 2024, after Plaintiffs' counsel sent Plaintiffs' portion of the Joint Stipulation to opposing counsel, the Kashanchi Estate produced an additional 20 pages of discovery which apparently included email communications and six checks received by Dr. Kashanchi from certain Surgery Center Defendants.  (Han Decl. ¶ 13; Stitt Decl. ¶ 6).

---

[7]Although the Kashanchi Defendants sought dismissal of Plaintiffs' California Probate Code claim against the Kashanchi Estate as well as against the other Kashanchi Defendants (Docket No. 325 at 22-24), the District Judge's dismissal order does not specifically discuss the viability of such claim as against the Kashanchi Estate, but nonetheless reflects that the Kashanchi Defendants' motion to dismiss was denied in its entirety to the extent it was directed to the Kashanchi Estate (Docket No. 355), effectively leaving intact Plaintiffs' California Probate Code claim against the Kashanchi Estate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

As noted above, Plaintiffs filed the Motion to Compel, the Joint Stipulation, and related documents on March 20, 2024. (Docket No. 384)

On an unspecified date after the filing of the Joint Stipulation, Dr. Kashanchi's family assertedly gained access to his relevant bank accounts and downloaded account statements which, along with some additional email communications and billing records, Defendant produced to Plaintiffs on April 9, 2024 (bates-stamped Kashanchi 172-540). (Stitt Supp. Decl. ¶ 2; Stitt Supp. Ex. B). Also on April 9, 2024, Defendant served supplemental responses to the Document Requests, including RFP Nos. 11, 28 and 30, and filed Defendant's Supplemental Memorandum and related documents. (Stitt Supp. Decl. ¶ 3; Stitt Supp. Ex. A; Docket No. 396). Defendant's counsel attests that Defendant has now produced all documents in Defendant's possession, custody and control responsive to RFP Nos. 11, 28 and 30 and on April 9, 2024, sent a letter to Plaintiffs' counsel so stating. (Stitt Supp. Decl. ¶ 5; Stitt Supp. Ex. B).

On April 9, 2024, Defendant filed Defendant's Supplemental Memorandum and related items, advising the Court of the Defendant's above-described further production. In light of such further production and Defendant's counsel's attestations relating to the same, the Court directed Plaintiffs to file a response to Defendant's Supplemental Memorandum which at least addressed whether Plaintiffs' Motion was moot/withdrawn to the extent it sought to compel further responses/documents responsive to RFP Nos. 11, 28 and 30.

On April 18, 2024, Plaintiffs filed the Response with supporting documents. (Docket No. 414). The Response does not indicate that Plaintiffs' Motion/any portion thereof is moot/withdrawn, and instead, reflects that Plaintiffs' counsel has had insufficient time to review Defendant's latest production but that she has noticed some "preliminary problems," including Defendant's inclusion of general objections in the prefatory statement to the April 9, 2024 supplemental responses and what appears to be an over-redaction of financial records on the basis of relevance. (Plaintiffs' Response at 2; Bowles Decl. ¶ 4). Plaintiffs' Response also indicates that Plaintiffs' counsel has sent Defendant's counsel another meet and confer letter which requests that Defendant's counsel meet and confer regarding Plaintiffs' punitive damages predicate for seeking pre-judgment asset-related discovery. (Plaintiffs' Response at 2-3; Stein Decl. ¶ 2; Stein Ex. A). Plaintiffs' counsel and Defendant's counsel apparently telephonically conferred regarding such matter, but Defendant's counsel indicated that he needed additional time to review the legal authorities cited by Plaintiffs' counsel. Plaintiffs' Response requests that the Court continue the hearing on Plaintiffs' Motion for four weeks in light of both interested parties' asserted need for additional time, and allow the parties to make further submissions. (Plaintiffs' Response at 3).

The discovery cut-off in this action is currently September 13, 2024. (Docket No. 356).

As of the execution of the Davis and Han Declarations, Plaintiffs had assertedly incurred a total of $15,780 in fees/costs. Davis – whose hourly rate is $525 – expended a total of 15 hours in connection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

with Plaintiffs' Motion (1.5 hours meeting and conferring + 13.5 hours drafting Plaintiffs' Motion), causing Plaintiffs to incur $7,875.00 ($585 x 15) in fees. (Davis Decl. ¶ 2). Han – whose hourly rate is $510 – expended a total of 15.5 hours in connection with Plaintiffs' Motion (6.2 meeting and conferring + 9.3 hours reviewing and revising Plaintiffs' Motion), causing Plaintiffs to incur $7,905.00 ($510 x 15.5) in fees. (Han Decl. ¶ 14).

### III. DISCUSSION AND ORDERS

As indicated above, Plaintiffs seek to compel Defendant to produce substantive responses to Interrogatory Nos. 1-17 and further responses and documents responsive to RFP Nos. 11, 28 and 30. Notwithstanding the request in Plaintiffs' Response to continue this matter for four weeks and to entertain further submissions, the Court declines to do so as this matter has already been fully briefed and the Court is ready to rule thereon. The Court initially addresses overarching issues that apply to multiple discovery requests in issue and then addresses the individual requests.

####   A.   Overarching Issues Pertinent to Multiple Discovery Requests in Issue

#####     1.   Scope of Discovery and Related Objections

First, Plaintiffs argue that – as with other Defendants in this action who treated patients covered by the Leprino Plan and/or received payments from/on behalf of such patients – they are entitled to banking and financial information relating to such payments from the Kashanchi Estate (*e.g.*, payments Leprino patients may have made to Dr. Kashanchi) to support their fraud, ERISA, UCL and intentional interference with contractual relations claims, that such information is relevant and proportional to the needs of the case, that any financial privacy concerns can adequately be addressed by the Stipulated Protective Order, and that Defendant has failed to demonstrate that such documents are attorney-client privileged/subject to work product protection. (JS at 7, 15-16). Defendant apparently does not dispute that Plaintiffs are entitled to the referenced financial information related to Leprino patients and asserts that Defendant has already produced all responsive documents/information in Defendant's possession, custody or control. (JS at 9, 24). The Court agrees that Plaintiffs are entitled to banking and financial information relating to payments made by/on behalf of Leprino patients to the Kashanchi Estate to support their fraud, ERISA, UCL and intentional interference with contractual relations claims, and that – to the extent Defendant continues to stand on relevance, proportionality, financial privacy and attorney-client privilege/work product objections to discovery requests calling for such information – such objections are overruled because the information sought is relevant and proportional to the needs of the case, Defendant has failed to demonstrate that the information is attorney-client privileged/subject to work product protection, and the Stipulated Protective Order adequately addresses Defendant's financial privacy concerns. (Alternatively, to the extent Defendant does not continue to stand on Defendant's foregoing objections, the Court overrules them as moot). Accordingly, as detailed below, the Court orders Defendant – to the extent Defendant has not already done so – to conduct a reasonably diligent search

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

for, and to produce documents/information responsive to the discovery requests in issue that call for such information and corresponding supplemental discovery responses.

Second, Plaintiffs assert that they are entitled to information regarding the assets of the Kashanchi Estate at this juncture and that such discovery is relevant and proportional to the needs of the case "[g]iven the overlapping nature of [the aforementioned financial] and asset-related information of the Kashanchi Estate" and because waiting until "after judgment" would "unduly prejudice" them by "forcing [them] to potentially lose the right to conduct such discovery altogether." They claim that "[n]either the Federal Rules of Civil Procedure, nor the California Probate Code authorize such discovery" and that they "would be unduly prejudiced by the fact that *if* the Kashanchi Estate lacks assets to satisfy a judgment in this proceeding, *then* it would be too late to re-name the Kashanchi Trusts and Joint Tenancies as parties to this proceeding." (JS at 7-8, 15-16) (emphasis original).[8] Defendant argues that asset-related discovery is premature and not permitted prior to a judgment in favor of Plaintiffs and against the Kashanchi Estate. (JS at 9-10, 22-23). The Court does not find Plaintiffs' aforementioned arguments to be persuasive and – except to the extent probative on the punitive damages claim, discussed below – agrees with Defendant that such discovery is not relevant/proportional to the needs of the case and that Plaintiffs are not entitled to such discovery at this juncture. The fact that information regarding payments from/on behalf of Leprino patients may incidentally yield information regarding assets of the Kashanchi Estate or to some degree overlap therewith, is not a good reason to compel Defendant to produce asset-related discovery that does not relate to payments from/on behalf of Leprino patients. Further, Plaintiffs fail to demonstrate that the arguable prejudice to Plaintiffs' ability to pursue potential *future* litigation against non-parties (*i.e.*, "the Kashanchi Trusts and Joint Tenancies") is appropriate for this Court's consideration in assessing the discovery to which Plaintiffs are entitled in the instant action against the Kashanchi Estate. While the pendency of the California Probate Code claim against the Kashanchi Estate gives the Court pause (see supra note 7), it nonetheless ultimately concludes that the District Judge's comments in the dismissal order weigh against permitting asset-related discovery (except to the extent pertinent to punitive damages as discussed below) at this pre-judgment juncture.

Third, Plaintiffs argue that they are entitled to discovery regarding the assets of the Kashanchi estate because it is relevant to Plaintiffs' claim for punitive damages and proportional to the needs of the case in light of such claim. (JS at 16). Again, Plaintiffs argue that Defendant has not met Defendant's burden to demonstrate that the requested information is attorney-client privileged/subject to work product protection, point to Defendant's failure to produce a privilege log, and note that to the extent the

---

[8]To the extent Plaintiffs suggest that the California Probate Code expressly authorizes them to propound discovery broader than that which may be authorized by the Federal Rules of Civil Procedure and the federal common law interpreting the same (see JS at 6-7, 15-16 (citing Cal. Probate Code § 1000(b))), they have cited no authority for the proposition that such a state procedural provision should govern this action and the Court declines to so find.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

Kashanchi Estate has objected to the discovery requests in issue based on financial privacy, such concerns can adequately be addressed by the Stipulated Protective Order. (JS at 8). Defendant points out that Plaintiffs' Motion is the first time that Plaintiffs have asserted that they are entitled to discovery regarding the Kashanchi Estate's assets based on their punitive damages claim and that Plaintiffs have not fulfilled their meet and confer obligations regarding such matter but that, in any event, the discovery sought by Plaintiffs is much broader than discovery into Defendant's net worth that may be allowable in connection with a punitive damages claim. (JS at 23). Notwithstanding Plaintiffs' counsel's failure to even attempt to meet and confer regarding Plaintiffs' asserted entitlement to asset-related discovery based on their punitive damages claim until April 16, 2024, well after Plaintiffs' Motion was filed (see Stein Ex. A) – a failure the Court considers in its assessment of Plaintiffs' request for sanctions – the Court agrees that to the extent Plaintiffs' discovery requests in issue call for the Defendant to produce information regarding Dr. Kashanchi's/the Kashanchi Estate's assets and are not otherwise the subject of sustained objections, Plaintiffs are entitled to such information because of their prayer for punitive damages. Defendant's assets are pertinent to the assessment of net worth which is relevant to punitive damages. See City of Newport v. Facts Concerts, Inc., 453 U.S. 247, 270 (1981) (noting that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998) (evidence of net worth crucial to issue of punitive damages); United States v. Big D Enterprises, Inc., 184 F.3d 924, 932 (8th Cir. 1999) (under federal law, evidence of defendant's financial worth traditionally admissible for purpose of evaluating amount of punitive damages), cert. denied, 529 U.S. 1018 (2000).[9]

---

[9] The Court generally views financial information for a two-year period to be sufficient to establish a defendant's current net worth, which is what is relevant to an assessment of punitive damages. See, e.g., Fieldturf International, Inc., v. Triexe Management Group, Inc., 2004 WL 866494, *3 (N.D. Ill. 2004) ("[o]nly current financial documents are relevant to a claim for punitive damages.") (citations omitted); United States v. Autumn Ridge Condominium Association, Inc., 265 F.R.D. 323, 328-29 (N.D. Ind. 2009) (holding same in FHA case; noting that district courts have concluded that financial records over approximately the past two-year period sufficient to establish a defendant's current net worth and so ordering) (collecting cases so holding). Nor, in light of the punitive damages prayer, is discovery of Dr. Kashanchi's/the Kashanchi Estate's assets at this juncture premature. When a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie case on the issue of punitive damages. CEH, Inc. v. FV "Seafarer," 153 F.R.D. 491, 497-98 (D.R.I. 1994) (collecting cases); Baker v. CNA Insurance Co., 123 F.R.D. 322, 330 (D. Mont. 1988) (not premature for plaintiff to seek discovery of information regarding defendant's financial status relevant to punitive damages claim even though plaintiff must first prevail on issue of liability before evidence of defendant's financial condition would be relevant; plaintiff should not be precluded from adequately preparing case as to damages); Vollert v. Summa Corp., 389 F. Supp. 1348, 1351 (D. Hawaii 1975) (plaintiff's demand for discovery of financial information relevant to issue of punitive damages not

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

Having said that, the Court agrees with Defendant that, even allowing for the relevance/proportionality of some of the asset-related information sought, at least some of the Interrogatories are overbroad. Accordingly, and because it appears to the Court that some of the Interrogatories are broad enough to encompass attorney-client privileged/work-product protected information, the Court denies Plaintiffs' Motion to the extent certain Interrogatories call for asset-related information that does not appear to the Court to be relevant/proportional to Plaintiffs' punitive damages claim against the Kashanchi Estate and/or to narrow certain Interrogatories so that they are limited to calling for non-privileged information that is relevant/proportional to the punitive damages claim against the Kashanchi Estate and, where limited based on privilege, directs Defendant to produce a privilege log.

### 2. "Vague and Ambiguous" Objections

Defendant objected to all of the Interrogatories in issue as vague and ambiguous due to the inclusion in each Interrogatory of, among other terms, "YOU"/"YOUR" – which was defined to mean all of the Kashanchi Defendants, including their employees, agents, officers, representatives, and PERSONS (defined to include any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity) acting on their behalf. (Han Ex. C). Defendant also objected to other terms within certain Interrogatories as "vague and ambiguous." (Han Ex. C). Plaintiffs dispute that any of the Interrogatories are vague and ambiguous and Plaintiffs' counsel has assertedly specifically attempted to clarify any ambiguity through the meet and confer process. (JS at 13-14; Han Decl. ¶ 11).

As detailed above, at the time these Interrogatories and responses thereto were served, this action was pending against all of the Kashanchi Defendants. At this juncture – when Plaintiffs may properly seek only discovery from/in the possession, custody or control of the Kashanshi Estate/Mrs. Kashanshi in her capacity as Administrator of the Kashanshi Estate, some of the terms in the Interrogatories as framed, render such Interrogatories confusing, vague and ambiguous. Where reasonable, the Court has construed/made sense of the Interrogatories with the foregoing in mind, but multiple Interrogatories are beyond saving. Accordingly, and as indicated below, the Court sustains some of Defendant's "vague and ambiguous" objections, but to the extent it orders Defendant to produce discovery as to which a "vague and ambiguous" objection has been interposed, it overrules such objection.

///
///
///

---

[9](...continued)
premature; existence of liability is threshold issue in almost all actions seeking money damages and should not preclude plaintiff from preparing his case as to damages). This Court elects to follow the majority practice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

**B.      Interrogatories in Issue – Interrogatory Nos. 1-17**

**Interrogatory No. 1**

Interrogatory No. 1 states:  IDENTIFY all ASSETS that YOU inherited as a result of the death of DR. KASHANCHI as a SURVIVING SPOUSE.

The Court sustains Defendant's relevance and "vague and ambiguous" objections to Interrogatory No. 1 and denies Plaintiffs' Motion as to this Interrogatory.  Simply put, this Interrogatory does not make sense given the dismissal of all of the Kashanchi Defendants other than the Kashanchi Estate.  Mrs. Kashanchi, in her capacity as a representative of the Kashanchi Estate – the only party to whom this Interrogatory could properly now be directed – is not a "surviving spouse" in that capacity, and did not inherit any assets "as a surviving spouse" in that capacity.  Since she is no longer a Defendant in her individual capacity, she is not required to respond as an individual/"surviving spouse" and assets she inherited in her individual capacity as a surviving spouse are not relevant or proportional to the needs of the case.

**Interrogatory No. 2**

Interrogatory No. 2 states:  For all ASSETS identified in YOUR response to Interrogatory No. 1, state how those ASSETS are titled as of the date of answering this Interrogatory.

As this Interrogatory relates to information provided in response to Interrogatory No. 1, and as the Court has denied Plaintiffs' Motion as to Interrogatory No. 1, the Court likewise denies Plaintiffs' Motion as to Interrogatory No. 2.

**Interrogatory No. 3**

Interrogatory No. 3 states:  IDENTIFY all ASSETS that YOU inherited as a result of the death of DR. KASANCHI, as an INDIVIDUAL.

Again, the Court sustains Defendant's relevance and "vague and ambiguous" objections and denies Plaintiffs' Motion as to Interrogatory No. 3.  This Interrogatory does not make sense given the dismissal of all of the Kashanchi Defendants other than the Kashanchi Estate.  Mrs. Kashanchi, in her capacity as a representative of the Kashanchi Estate – the only party to whom this Interrogatory could properly now be directed – is not an "individual," in such capacity and did not inherit any assets "as an individual."  Since she is no longer a Defendant in her individual capacity, she is not required to respond as an individual and assets she inherited in her individual capacity are not relevant or proportional to the needs of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

**Interrogatory No. 4**

Interrogatory No. 4 states: For all ASSETS identified in YOUR response to Interrogatory No. 3, state how those ASSETS are titled as of the date of answering this Interrogatory.

As this Interrogatory relates to information provided in response to Interrogatory No. 3, and as the Court has denied Plaintiffs' Motion as to Interrogatory No. 3, the Court likewise denies Plaintiffs' Motion as to Interrogatory No. 4.

**Interrogatory No. 5**

Interrogatory No. 5 states: IDENTIFY all ASSETS administered by YOU in YOUR capacity as Administrator of the KASHANCHI ESTATE.

As the net worth of the Kashanshi Estate is relevant to Plaintiffs' claim for punitive damages, and as the assets of the Kashanchi Estate are relevant to assessing such net worth, the Court grants Plaintiffs' Motion as to Interrogatory No. 5, and directs the Kashanchi Estate to provide a further response to this Interrogatory which identifies all assets of the Kashanshi Estate that have been administered by Mrs. Kashanchi in her capacity as Administrator of the Kashanchi Estate.

**Interrogatory No. 6**

Interrogatory No. 6 states: For all ASSETS identified in YOUR response to Interrogatory No. 5, state how those ASSETS are titled as of the date of answering this Interrogatory.

The Court grants in part and denies in part Plaintiffs' Motion as to Interrogatory No. 6 and directs Defendant to provide a further response identifying only those assets identified in response to Interrogatory No. 5 that are titled in a manner which renders them part of the Kashanchi Estate as of the date of answering this Interrogatory and to state how such assets are titled because only assets titled in a manner which renders them part of the Kashanchi Estate are relevant to the assessment of the Kashanchi Estate's net worth so as to be relevant to Plaintiffs' request for punitive damages against such Defendant.

**Interrogatory No. 7**

Interrogatory No. 7 states: IDENTIFY all ASSETS that were held in the KASHKANCHI LIVING TRUST as of the date of DR. KASHANCHI's death.

As the Kasanchi Trusts are no longer Defendants in this action and as information regarding their assets is not relevant or proportional to the needs of the case at this juncture, the Court denies Plaintiffs' Motion as to Interrogatory No. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

**Interrogatory No. 8**

Interrogatory No. 8 states: IDENTIFY all ASSETS that were held in the B & M LIVING TRUST as of the date of DR. KASHANCHI'S death.

As the Kasanchi Trusts are no longer Defendants in this action and as information regarding their assets is not relevant or proportional to the needs of the case at this juncture, the Court denies Plaintiffs' Motion as to Interrogatory No. 8.

**Interrogatory No. 9**

Interrogatory No. 9 states: IDENTIFY all ASSETS titled in the name of DR. KASHANCHI, in whole or in part, on the date of his death.

The Court grants Plaintiffs' Motion as to Interrogatory No. 9 for essentially the same reasons explained above relative to Interrogatory No. 5 and orders Defendant to provide a further substantive response thereto.

**Interrogatory No. 10**

Interrogatory No. 10 states: For all ASSETS identified in YOUR response to Interrogatory No. 9, state how those ASSETS are titled as of the date of answering this Interrogatory.

The Court grants in part and denies in part Plaintiffs' Motion as to Interrogatory No. 9 and direct Defendant to provide a further response identifying only those assets identified in response to Interrogatory No. 9 that are titled in a manner which renders them assets of Dr. Kashanchi or the Kashanchi Estate as of the date of answering this Interrogatory and to state how such assets are titled because only assets titled in a manner which renders them assets of Dr. Kashanchi or part of the Kashanchi Estate are relevant to the assessment of Dr. Kashanchi's/the Kashanchi Estate's net worth so as to be relevant to Plaintiffs' request for punitive damages.

**Interrogatory No. 11**

Interrogatory No. 11 states: Was title to any of the ASSETS identified in YOUR response to Interrogatory No. 9 changed after the time of DR. KASHANCHI's death?

The Court grants Plaintiffs' Motion as to Interrogatory No. 11 and directs Defendant to provide a "yes or no" response thereto because whether title to assets held by Dr. Kashanchi at the time of his death was changed after the time of his death may impact the assessment of his net worth which would be relevant to Plaintiffs' punitive damages claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

**Interrogatory No. 12**

Interrogatory No. 12 states: If YOUR response to Interrogatory No. 11 is affirmative, IDENTIFY each ASSET.

The Court grants in part and denies in part Plaintiffs' Motion as to Interrogatory No. 12 and direct Defendant to provide a further substantive response to this Interrogatory as modified to call for the following: "If Defendant's response to Interrogatory No. 11 is affirmative, IDENTIFY each ASSET as to which title was changed in a manner which rendered it part of the Kashanchi Estate." As explained above, in this Court's view only assets held by Dr. Kashanchi or the Kashanchi Estate are relevant at this juncture because they relate to the assessment of net worth pertinent to Plaintiffs' punitive damages claim.

**Interrogatory No. 13**

Interrogatory No. 13 states: If YOUR response to Interrogatory No. 11 is affirmative, IDENTIFY each PERSON to whom the ASSET(s) were transferred.

The Court denies Plaintiffs' Motion as to Interrogatory No. 13 because the information it would otherwise have been inclined to require Defendant to produce in response to this Interrogatory has already been ordered to be supplied in response to Interrogatory No. 12.

**Interrogatory No. 14**

Interrogatory No. 14 states: For each ASSET identified in YOUR response to Interrogatory No. 12, state how those ASSETS are titled as of the date of answering this Interrogatory.

In light of the Court's narrowing/modification of Interrogatory No. 12, the Court grants Plaintiffs' Motion in part as to Interrogatory No. 14, limits it to any assets identified in response to Interrogatory No. 12 as narrowed/modified (*i.e.*, to the manner in which such assets are titled that render them part of the Kashanchi Estate), and directs Defendant to provide a further substantive response to this Interrogatory as modified.

**Interrogatory No. 15**

Interrogatory No. 15 states: If YOUR response to Interrogatory No. 11 is not affirmative, state all facts that support YOUR response.

The Court denies Plaintiffs' Motion as to Interrogatory No. 15. To the extent title to any of the assets identified in response to Interrogatory No. 9 has not changed after the time of Dr. Kashanchi's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

death, the Court has already ordered Defendant, in response to Interrogatory No. 9, to provide the information the Court would otherwise have been inclined to require Defendant to provide in response to Interrogatory No. 15.

**Interrogatory No. 16**

Interrogatory No. 16 states:  IDENTIFY all PERSONS with personal knowledge of the facts YOU provided in response to Interrogatory No. 15.

The Court grants in part and denies in part Plaintiffs' Motion as to Interrogatory No. 16, modifies it in light of its rulings above, and directs Defendant to provide a further response identifying all persons – other than Defendant's attorneys in this action – with personal knowledge of the information supplied in response to Interrogatory No. 9.

**Interrogatory No. 17**

Interrogatory No. 17 states:  IDENTIFY all DOCUMENTS that support the facts YOU provided in response to Interrogatory No. 15.

The Court grants in part and denies in part Plaintiffs' Motion as to Interrogatory No. 17, modifies it in light of its rulings above, and directs Defendant to provide a further response identifying all non-privileged documents that support the information supplied in response to Interrogatory No. 9 and a privilege log corresponding to any responsive documents that have not been identified based upon an attorney-client privilege/work product protection objection.

    C.    **Document Requests**

**RFP No. 11**

RFP No. 11 calls for the production of:  "DOCUMENTS sufficient to identify all bank accounts, including bank account numbers, for accounts where YOU deposited payments received from LEPRINO or UNITED for the PLAN (Policy No. 000902762)."

In its most recent supplemental response to this request (Stitt Supp. Ex. A), Defendant interposed multiple objections, but subject to and without waiving such objections, represented that "Defendant has produced documents sufficient to identify all bank accounts where Dr. Kashanchi may have deposited relevant payments."  (Stitt Supp. Ex. A).  Defendant's counsel has further attested that "the Estate has now produced all documents in its possession, custody and control responsive to Request[] for Production No[]. 11."  (Stitt Supp. Decl. ¶ 4).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

The Court grants in part and denies in part Plaintiffs' Motion as to this request. While it may be that Defendant's response and production are sufficient to identify all bank accounts, including bank account numbers for accounts where Dr. Kashanchi/his professional corporation/ representative(s) deposited payments received from LEPRINO or UNITED for the PLAN (Policy No. 000902762), the Court cannot definitively so determine because of Defendant's use of the term "relevant payments" and the at least potential disagreement between the parties as to what constitute "relevant payments." Further, although Defendant's counsel attests that Defendant has produced all responsive documents in Defendant's "possession, custody and control" (Stitt Decl. ¶ 4 (emphasis added")) – that is not necessarily equivalent to producing all responsive documents in Defendant's "possession, custody or control" which is the requisite standard. Accordingly, the Court orders Defendant – to the extent Defendant has not already done so – to (1) conduct a reasonably diligent search – including by making inquiry of pertinent third parties (e.g., banks) – for documents sufficient to identify all bank accounts, including bank account numbers, for accounts where Dr. Kashanchi/his professional corporation/ representative(s) deposited payments received from LEPRINO or UNITED for the PLAN (Policy No. 000902762); (2) produce such documents; and (3) provide a further supplemental response affirming that Defendant has done so.

**RFP No. 28**

RFP No. 28 calls for the production of: DOCUMENTS evidencing each payment that each LEPRINO PLAN patient made to YOU and YOUR professional corporation(s) between January 1, 2019 and December 31, 2022.

In Defendant's most recent supplemental response to this request (Stitt Supp. Ex. A), Defendant interposed multiple objections, but subject to and without waiving such objections, represented that "Defendant has produced all bank account statements in its possession, custody, or control that may be responsive to this request." (Stitt Supp. Ex. A).

The Court grants in part and denies in part Plaintiffs' Motion as to RFP No. 28. As it is possible that LEPRINO PLAN patients made payments that were not deposited into a bank account or are otherwise not evident from bank account statements, it is not clear that Defendant's provision of bank account statements adequately responds to this Document Request. Accordingly, the Court orders Defendant – to the extent Defendant has not already done so – to (1) conduct a reasonably diligent search for documents evidencing each payment that each LEPRINO PLAN patient made to Dr. Kashanchi/his professional corporation/the Kashanchi Estate between January 1, 2019 and December 31, 2022; (2) produce such non-privileged documents; and (3) provide a further supplemental response affirming that Defendant has done so and a privilege log corresponding to any responsive documents withheld based upon an attorney-client privilege/work product protection objection.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07434-DSF-JC | Date | April 19, 2024 |
|---|---|---|---|
| Title | Leprino Foods Company, et al. v. Avani Outpatient Surgical Center, Inc., et al. | | |

**RFP No. 30**

  RFP No. 30 calls for the production of: For the period of January 1, 2019 to December 31, 2022, all bank statements, ledgers, accounts receivable statements or other documents showing outgoing and incoming LEPRINO or UNITED payments or deposits to YOU and YOUR anesthesia group(s) in connection with any LEPRINO PLAN patient.

  In Defendant's most recent supplemental response to this request (Stitt Supp. Ex. A), Defendant interposed multiple objections, but subject to and without waiving such objections, represented that "Defendant has produced all bank account statements in its possession, custody, or control that may be responsive to this request." (Stitt Supp. Ex. A).

  The Court grants in part and denies in part Plaintiffs' Motion as to RFP No. 30. As this Document Request calls for the production of documents beyond just bank account statements, Defendant's responsive is underinclusive. Accordingly, the Court orders Defendant – to the extent Defendant has not already done so – to (1) conduct a reasonably diligent search for all of the documents called for by RFP No. 30; (2) produce such non-privileged documents; and (3) provide a further supplemental response affirming that Defendant has done so and a privilege log corresponding to any responsive documents withheld based upon an attorney-client privilege/work product protection objection.

  **D. Other Requests**

  First, except as otherwise ordered above, the Court denies Plaintiffs' remaining requests that the Court compel Defendant to produce a privilege log or a destruction/unavailable log corresponding to the few Document Requests in issue.

  Second, the Court denies Plaintiffs' request for the imposition of sanctions in light of the mixed nature of the Court's rulings and Plaintiffs' counsel's apparent failure to even attempt to meet and confer with Defendant's counsel regarding the punitive damages predicate for much of Plaintiffs' Motion until April 16, 2024, well after Plaintiffs' Motion was filed.

  IT IS SO ORDERED.